■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST BROWN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated May 13, 1963, which denied without a hearing his application to vacate a judgment of said court rendered November 16, 1962 on his plea of guilty, convicting him of robbery in the third degree, and imposing sentence. Order affirmed. This *coram nobis* application is based on defendant's claim that certain evidence against him had been procured by illegal search and seizure. It appears, however, that despite such claim, he had pleaded guilty but that he had made no motion, either prior to this plea or prior to the entry of judgment, to suppress such allegedly illegal evidence. Nor did defendant take any appeal from the judgment. Under the circumstances, the defendant is now precluded from raising such claim on this application (see *People* v. *Upson*, 20 A D 2d 572). Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS H. FOREMAN, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered April 6, 1962 after a jury trial, convicting him of robbery in the first degree, and of grand larceny, assault and burglary, all in the second degree, and sentencing him, as a second felony offender, to serve concurrent terms of 30 to 60 years for robbery in the first degree; 10 to 20 years for grand larceny in the second degree; 10 to 20 years for burglary in the second degree; and 5 to 10 years for assault in the second degree. Judgment modified on the law, on the facts, and in the exercise of discretion as follows: (a) by reducing the term imposed for robbery in the first degree from 30 to 60 years to 15 to 20 years, and (b) by vacating the term imposed for grand larceny in the second degree. As so modified, the judgment is affirmed and the action is remitted to the trial court for determination of the issue whether defendant was armed at the time of the larceny, and for the imposition of a proper sentence accordingly, not inconsistent herewith. In our opinion, under all the circumstances, the sentence imposed for robbery in the first degree was excessive. With respect to the sentence imposed for grand larceny in the second degree, it was excessive as a matter of law (Penal Law, §§ 1297, 1941, subd. 1) because the record does not show that the former section 1944 of the Penal Law (now Penal Law, § 1905) was considered by the court in sentencing the defendant. Therefore, the action must be remitted for determination, upon a proper record, of the issue whether defendant himself was armed at the time of the larceny (*People ex rel. Lorraine* v. *Lawes*, 275 N. Y. 620; Penal Law, § 1905). If it be determined that the additional punishment so provided is not applicable, then a proper sentence should be imposed for grand larceny in the second degree. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.